IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JASON BALLARD, and, NICOLAS IRELAND on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> COVINGTON COUNTY COMMISSION, LYNN SASSER, in his official and/or individual capacity as chairman of the Covington County Commission, and DENNIS MEEKS, in his official and/or individual capacity as Sheriff of Covington County, Alabama, <br><br> Defendants. | Civil Action No.: 2:09-cv-01156-MHT-CSC |

### DEFENDANT SHERIFF DENNIS MEEKS' ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW Defendant Sheriff Dennis Meeks, in his official and individual capacities and files this Answer to Plaintiffs' Complaint.

### INTRODUCTION

1. Defendant admits that Plaintiffs are seeking to bring this action under the Fair Labor Standards Act ("FLSA") and § 36-21-4.1 of the Code of Alabama. All other averments are denied.

2. Denied.

3. Denied.

4. Denied.

## **PARTIES**

5. Defendant admits that the office of the Sheriff of Covington County, Alabama, is located in Andalusia, Alabama. All other averments are denied.

6. Defendant admits that Plaintiffs Ballard and Ireland are former Covington County Deputy Sheriffs. All other averments are denied.

7. Denied.

8. Denied.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of this averment at this time.

10. Denied.

## **NATURE OF PROCEEDINGS**

11. Admitted.

12. Admitted.

13. Denied.

14. Denied.

15. Denied.

16. Defendant admits that Plaintiffs recorded their time on a weekly basis. All other averments in this paragraph are denied.

17. Denied.

18. Defendant is without sufficient knowledge or information to form a belief as to the truth of this averment at this time.

19. Denied.

20. Defendant admits that Plaintiffs were employed as Deputy Sheriffs. All other averments are denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## COLLECTIVE ACTION ALLEGATIONS

26. Denied.

27. Defendant admits that 29 U.S.C. § 216(b) provides for a collective action under the FLSA. All other averments in this paragraph are denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## COUNT ONE
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
## AND
## § 36-21-4.1 OF THE CODE OF ALABAMA, 1975

**(Brought Against Defendants by All Individually-Named Plaintiffs and on Behalf of All Others Similarly Situated)**

37. Defendant adopts and incorporates by reference the responses in paragraphs 1-36 above as if fully set out herein.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Defendant admits that the FLSA provides for recovery of costs and attorneys' fees by successful parties. All other averments in this paragraph are denied.

Defendant denies that Plaintiffs are entitled to relief of any kind.

## COUNT TWO
## BREACH OF CONTRACT

48. Defendant adopts and incorporates by reference the responses in paragraphs 1-47 above as if fully set out herein.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

Defendant denies that Plaintiffs are entitled to relief of any kind.

## COUNT THREE
## QUANTUM MERUIT

54. Defendant adopts and incorporates by reference the responses in paragraphs 1-53 above as if fully set out herein.

55. Denied.

56. Denied.

57. Denied.

Defendant denies that Plaintiffs are entitled to relief of any kind.

## COUNT FOUR
## UNJUST ENRICHMENT

58. Defendants adopt and incorporate by reference the responses in paragraphs 1-57 above as if fully set out herein.

59. Denied.

60. Denied.

61. Denied.

Defendant denies that Plaintiffs are entitled to relief of any kind.

## AFFIRMATIVE DEFENSES

1. Defendant is entitled to absolute immunity.

2. The applicable statutes of limitation bar recovery.

3. Plaintiffs have failed to mitigate damages.

4. Any injury or damages suffered by the Plaintiffs were the result of an independent intervening cause and not the result of any alleged actions or omissions of this Defendant.

5. The doctrines of collateral estoppel and res judicata bar recovery.

6. Plaintiffs are barred from recovery by the doctrines of unclean hands and estoppel.

7. Recovery is barred by the doctrine of contributory negligence.

8. Defendant is not an employer subject to the provisions of the FLSA as to Plaintiffs.

9. Defendant at all times acted in good faith with a reasonable basis for its actions and in good faith conformity with administrative orders, regulations or interpretations of the Department of Labor, Wage and Hour Division.

10. The doctrine of judicial estoppel bars recovery.

11. Plaintiffs are not "employee[s]" within the meaning of 29 U.S.C. § 203.

12. Plaintiffs are exempt from the coverage of the FLSA pursuant to 29 U.S.C. § 213 or partially exempt pursuant to 29 U.S.C. § 207(k).

13. Any alleged violations of the FLSA are de minimis.

14. All allegations not specifically admitted are denied.

Respectfully submitted this the 30th day of December, 2009.

                                        **s/Robbie Alexander Hyde**
                                        ROBBIE ALEXANDER HYDE  (ALE023)
                                        JAMIE K. HILL (HIL060)
                                        ATTORNEYS FOR DEFENDANT
                                        DENNIS MEEKS
                                        WEBB & ELEY, P.C.
                                        P.O. Box 240909
                                        Montgomery, Alabama 36124
                                        (334) 262 1850 Telephone
                                        (334) 262-1889 Facsimile
                                        E-mail: rhyde@webbeley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on **December 30, 2009**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  **Christopher Michael Sledge, Esq. and Manish Hasmukh Patel, Esq.**

                                      **s/Robbie Alexander Hyde**
                                      Of Counsel